# United States District Court
## Eastern District of California

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**JOSEPH JOHN GEORGE SCANIO**<br>(Defendant's Name) | **JUDGMENT IN A CRIMINAL CASE**<br>(For **Revocation** of Probation or Supervised Release)<br>(For Offenses committed on or after November 1, 1987)<br>Criminal Number: **2:06CR00434-01**<br><br>Timothy L. Zindel, Assistant Federal Defender<br>Defendant's Attorney |

**THE DEFENDANT:**

[ ]  admitted guilt to violation of charge(s) __ as alleged in the violation petition filed on __.
[✔]  was found in violation of conditions of supervision as to charges <u>1, 2, 3, 4, 5, 6, 7, 9</u> after denial of guilt, as alleged in the violation petition filed on <u>8/18/2011</u>.

ACCORDINGLY, the court has adjudicated that the defendant is guilty of the following violations:

| **Violation Number** | **Nature of Violation** | **Date Violation Occurred** |
|---|---|---|
| See next page. | | |

The court: [✔] revokes: [ ] modifies: [ ] continues under same conditions of supervision heretofore ordered on <u>1/8/2007</u>.

The defendant is sentenced as provided in pages 2 through <u>7</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[✔]  Charge <u>8</u> is dismissed.

**Any previously imposed criminal monetary penalties that remain unpaid shall remain in effect.**

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

12/08/2011
Date of Imposition of Sentence

*/s/ Morrison C. England, Jr.*
Signature of Judicial Officer

**MORRISON C. ENGLAND, JR.**, United States District Judge
Name & Title of Judicial Officer

12/20/2011
Date

**ADDITIONAL VIOLATION**

| Violation Number | Nature of Violation | Date Violation Concluded |
|---|---|---|
| 1 | Failure to Obtain Advance Permission From the Probation Officer for Use of a Computer | 5/11/2011 |
| 2 | Possession or Use of a Computer Without Advance Permission From the Probation Officer | 5/26/2011 |
| 3 | Failure to Submit Truthful Monthly Reports | 3/2010, 4/2010, 7/2010 and 10/2010 |
| 4 | Failure to Submit Truthful Monthly Reports | 2/2010, 5/2010, 6/2010, 8/2010, 10/2010, 11/2010, 12/2010, 1/2011, 3/2011, 4/2011 and 5/2011 |
| 5 | Association With Person Convicted of a Felony Without the Permission of the Probation Officer | 3/2010, 4/2010, 7/2010 and 10/2010 |
| 6 | Association With Person Convicted of a Felony Without the Permission of the Probation Officer | 2/2010, 5/2010, 6/2010, 8/2010, 10/2010, 11/2010, 12/2010, 1/2011, 3/2011, 4/2011, 5/2011 |
| 7 | Contact With Children Under the Age of 18 Without Advance Approval by the Probation Officer | 4/29/2011 |
| 9 | New Law Violation | 8/4/2011 |

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of <u>6 months, as to Charges 1, 2, 3, 4, 5, 6, 7 and 9</u>.

[ ]  The court makes the following recommendations to the Bureau of Prisons:

[✔]  The defendant is remanded to the custody of the United States Marshal.

[ ]  The defendant shall surrender to the United States Marshal for this district.
    [ ] at ___ on ___.
    [ ] as notified by the United States Marshal.

[ ]  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    [ ] before ___ on ___.
    [ ] as notified by the United States Marshal.
    [ ] as notified by the Probation or Pretrial Services Officer.
    If no such institution has been designated, to the United States Marshal for this district.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.


                                                UNITED STATES MARSHAL

                              By _____
                                                Deputy U.S. Marshal

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>87 months, as to Charges 1, 2, 3, 4, 5, 6, 7 and 9</u> .

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed four (4) drug tests per month.

- [✔]   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.)

- [✔]   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.  (Check, if applicable.)

- [✔]   The defendant shall submit to the collection of DNA as directed by the probation officer.  (Check, if applicable.)

- [✔]   The defendant shall register and comply with the requirements in the federal and state sex offender registration agency in the jurisdiction of conviction, Eastern District of California, and in the state and in any jurisdiction where the defendant resides, is employed, or is a student.  (Check, if applicable.)

- [ ]   The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

# SPECIAL CONDITIONS OF SUPERVISION

1. The releasee shall submit to the search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement or probation officer in the lawful discharge of the officer's supervision functions with reasonable suspicion concerning unlawful conduct or a violation of a condition of probation or supervised release. Failure to submit to a search may be grounds for revocation. The releasee shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. As directed by the probation officer, the releasee shall participate in a program of outpatient mental health treatment.

3. As directed by the probation officer, the releasee shall participate in a co-payment plan for treatment or testing and shall make payment directly to the vendor under contract with the United States Probation Office of up to $25 per month.

4. The releasee shall not possess or use a computer or any device that has access to any "on-line computer service" without advance written permission from the probation officer. This includes any Internet service provider, bulletin board system, or any other public or private computer network. The releasee shall not work at any place of employment where he has access to a computer without the advance written approval of the probation officer. The releasee shall not create/maintain accounts, or allow others on his behalf to create/maintain accounts with Facebook, My Space, Linked In or any other social networks.

5. The releasee shall have no contact with children under the age of 18 unless approved by the probation officer in advance. The releasee is not to be within 100 feet of school yards, parks, playgrounds, arcades, or other places primarily used by children under the age of 18, without the advance permission of the probation officer. This includes compliance with the local ordinances where the releasee resides. This shall include that the releasee is not to engage in any occupation, business, profession, or organization, either paid or volunteer, which exposes him directly or indirectly with children under the age of 18. The releasee shall not hold office within any organizations that primarily involve children under the age of 18.

6. The releasee must report in writing possession of any computer and (a) any computer, or (b) computer-related device, or (c) equipment that has an internal or external modem. The releasee shall consent to the probation officer and/or probation service representative conducting periodic unannounced examinations of (a) any computer, or (b) computer-related device, or (c) equipment that has an internal or external modem which is in the possession or control of the releasee. The releasee consents to retrieval and copying of all data from any such computer, computer-related device, or equipment as well as any internal or external peripherals to ensure compliance with conditions. The releasee consents to removal of such computer, computer-related device, and equipment for purposes of conducting a more thorough inspection and analysis. The releasee shall not possess or download any software/download programs capable of "washing" data, encrypting data, or remote storage of data, including file deletion software/downloads. Furthermore, the releasee shall not possess or download peer-to-peer file-sharing software.

   The releasee consents to having installed on any computer, computer-related device, and equipment, at the releasee's expense, any hardware or software systems to monitor the use of such computer, computer-related device, and equipment at the direction of the probation officer, and agrees not to tamper with such hardware or software, and not install or use any software programs designed to hide, alter, or delete his computer activities. The releasee consents to not installing new hardware without the prior written approval of the probation officer.

7. The releasee shall not possess, own, use, view, read, or frequent places with material depicting and/or describing sexually explicit conduct, including computer images, pictures, photographs, books, writings, drawings, videos, or video games. "Sexually explicit conduct", as defined in 18 USC 2256(2), means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any person.

8. The releasee shall consent to third-party disclosure to any employer, potential employer, or any third party concerning any computer-related restrictions that are imposed upon him. This includes any activities in which you are acting as a technician, advisor, or consultant, with or without any monetary gain or other compensation.

9. The releasee shall attend, cooperate with, and actively participate in a sex offender treatment and therapy program (which may include, but is not limited to, risk assessment, polygraph examination, computer voice stress analysis (CVSA), and/or ABEL assessment) as approved and directed by the probation officer and as recommended by the assigned treatment provider.

10. The releasee shall register and comply with requirements in the state sex offender registration agency in any state where the releasee resides, is employed, carries on a vocation, or is a student.

11. The releasee shall register, as required in the jurisdiction in which he resides, as a sex offender.

12. The releasee shall submit a truthful and complete supplemental sex offender written report within the first five days of each month.

13. The releasee shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer in writing. The releasee shall have no contact, including communication involving written, verbal, physical, or electronic, with any person convicted of a felony unless permission given by the probation officer in writing. The releasee shall have no contact including communication involving written, verbal, physical, or electronic, with any sex offenders including, Keith Miller, Thomas Bones, and Kevin Hurtado.